```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOANNE REHMEYER                  :       CIVIL ACTION
                                 :
                                 :
        v.                       :
                                 :
                                 :
PEAKE PLASTICS CORPORATION,      :       NO. 16-5690
et al.
```

MEMORANDUM

Bartle, J.                                                      December 20, 2016

Before the court is the motion of plaintiff Joanne Rehmeyer to remand this action to the state court because it was first removed to the wrong district and then transferred here.

On October 21, 2016, plaintiff Joanne Rehmeyer filed this products liability lawsuit for personal injuries in the Court of Common Pleas of Philadelphia County against defendants Peake Plastics Corporation, Autoform, Inc., Model Pattern Company, Inc., Parker-Hannifin Corporation, and Sidener Engineering Company, Inc.

On October 24, 2016, Parker-Hannifin, having learned about the filing of the lawsuit, filed an Entry of Appearance with the state court even before the complaint was served.  The following day, on October 25, 2016, Parker-Hannifin filed a Notice of Removal in the United States District Court for the Middle District of Pennsylvania.  Parker-Hannifin stated that there was diversity of citizenship of the parties and an amount in controversy in excess of $75,000 exclusive of interest and costs.

The next day, October 26, Parker-Hannifin sent a letter to Judge William W. Caldwell in the Middle District of Pennsylvania.  The letter advised him that even though Rehmeyer resides in York County in the Middle District, and the accident underlying the claim took place in York County, Parker-Hannifin had improperly removed the suit to that district, contrary to 28 U.S.C. § 1441(a).  Parker-Hannifin requested that the court transfer the suit to the Eastern District of Pennsylvania, the correct forum, where Philadelphia County is located.  On October 31, 2016, without awaiting any response from Rehmeyer, Judge Caldwell transferred the action to this court.

In the meantime on October 27, 2016, Rehmeyer served defendant Peake Plastics with a copy of the complaint.  She served defendant Autoform, Inc. on October 28.  Defendant Sidener Engineering Company waived service on November 21 and defendant Model Pattern waived service on November 23.

Once the case had been transferred here, Rehmeyer filed a motion to remand the action to the state court.  Rehmeyer supports her motion with two arguments.  First, Rehmeyer maintains that Parker-Hannifin removed the action to the wrong forum under 28 U.S.C. § 1441(a) and that remand is the only remedy.  Section 1441(a) provides, in relevant part, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The suit was instituted in the Court of Common Pleas of Philadelphia County, which is, as noted above, a part of the Eastern District of Pennsylvania. Consequently, under § 1441(a), the defendants were required to remove the action to this district, not to the Middle District of Pennsylvania.

Section 1446 outlines the procedure for removal:

> [a] A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal[.]
>
> [b] The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.] 28 U.S.C. § 1446.

"It is well settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)); see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

Judge Caldwell transferred the action from the Middle District of Pennsylvania to this district pursuant to 28 U.S.C. § 1406(a). Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Rehmeyer contends that 28 U.S.C. § 1406 applies only to actions originally brought in federal court, and thus it was improperly used to correct the defect in the removal of this action. She maintains that the only remedy for the defect in removal and for the improper transfer under § 1406(a) is to remand the action to the state court.

"[V]enue questions are governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Section 1404(a) applies when the original venue is proper and transfer to another proper venue is sought. Id. Section 1406 in contrast applies when the original venue is improper and provides for either the transfer or dismissal of the action. Id. The language of § 1406 simply requires that an action must be filed before it can be transferred. It does not say that an action must be originally filed in federal court before § 1406 is applicable. See Mortensen v. Wheel Horse Products, Inc., 772 F.Supp. 85, 90

(N.D.N.Y. 1991). A case that has been removed to federal court has, of course, also been filed in federal court. Thus, § 1406 applies to actions removed from state court, not solely to actions commenced in federal court.

Courts have often considered a motion to transfer an action under § 1406(a) when an action has been removed to the wrong district or division, rather than remand the action to the state court. 17 James W. Moore, Moore's Federal Practice § 111.37 (3d ed. 2016). We agree with the United States District Court for the Northern District of New York that an action removed to the wrong federal district under §§ 1441 and 1446 is "more akin to an improper venue situation" and § 1406(a) is the appropriate statute under which to consider a motion to transfer due to defect in venue. See Mortensen, 772 F.Supp. at 89.

Removal to the wrong federal district does not compel remanding the action to the state court. See Ullah v. F.D.I.C., 852 F.Supp. 218, 221 (S.D.N.Y. 1994). "When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 n.3 (5th Cir. 1996) (citing Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 364, 645 (5th Cir. 1994)).

This procedural defect, of course, must be the subject of an objection or it is waived. However, such a defect may be corrected by transfer to the correct district under § 1406(a). Id.; see also 14C Charles Alan Wright et al., Federal Practice and Procedure § 3732 (4th ed. 2016).

Rehmeyer's reliance on Martin v. Farmers First Bank for the proposition that this action must be remanded is misplaced. 1992 U.S. Dist. LEXIS 19613 (E.D. Pa. Nov. 25, 1992). Before the court in Martin was an action that was removed from the Court of Common Pleas of Montour County to the Eastern District of Pennsylvania. Id. at *1. This was the incorrect district under § 1441(a) since Montour County is situated in the Middle District of Pennsylvania. Id. at *4-5. The court stated it could not transfer the action to the Middle District of Pennsylvania because 28 U.S.C. § 1404(a) only permitted such a transfer where proper venue lay in the transferor court. Id. at *5-6. It therefore remanded the action. Id. at *6. The court did not discuss or reference § 1406(a). See generally id.

Rehmeyer next contends that Parker-Hannifin filed the Notice of Removal in violation of 28 U.S.C. § 1441(b)(2) by removing the action to federal court before it or any defendant was formally served.

Section 1441(b)(2) states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  It contains no language requiring that the removing defendant must have been first served before filing its notice of removal.  See 28 U.S.C. § 1441.

Furthermore, under the procedure for removal, § 1446 requires that the notice of removal be filed within thirty days after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim.  See 28 U.S.C. § 1446(b) (emphasis added).  The statute allows a defendant to learn of the initial pleading setting forth the claim through service <u>or otherwise</u>.  Thus, a defendant need not await service of process to remove the action. <u>Hutton v. KDM Transport, Inc.</u>, 2014 WL 3353237 at *4 (E.D. Pa. July 8, 2014).  A defendant effectively waives service when it removes an action prior to being served. <u>Valido-Shade v. WYETH, LLC</u>, 875 F.Supp.2d 474, 477 (E.D. Pa. 2012).[1]  This is not an

---

1. Rehmeyer contends that removal was also improper because Parker-Hannifin did not properly waive service under Rule 402 of the Pennsylvania Rules of Civil Procedure.  See Pa. R. C. P. No. 402(b).  However as we have stated, neither service nor waiver of service is required prior to removal.  Thus this argument is inapposite.

absurd or bizarre result as Rehmeyer suggests.  In fact, waiver of service of process is encouraged.  <u>Id.</u>

  Finally we note that Rehmeyer's reliance on § 1441(b)(2) is misplaced.  Section 1441(b)(2) states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants <u>is a citizen in which such action is brought</u>."  28 U.S.C. § 1441(b)(2) (emphasis added).  Section 1441(b)(2) describes removal when at least one of the defendants is a citizen of the forum state where the action was brought.  None of the defendants is a citizen of Pennsylvania, where the action was instituted.

  Parker-Hannifin properly removed the action prior to receipt of service.  Accordingly, we will deny the motion of Rehmeyer to remand the action to state court.